# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**RYAN W. JOHNSON,**

       Appellant,

v.                                              **CIVIL ACTION NO.: 3:24-CV-97 (GROH)**

**CLARK STRUEBING,**
**BRENDA STRUEBING,**
**THE BANK OF NEW YORK**
**MELLON, and CWMBS, INC.,**

       Appellees,

## MEMORANDUM OPINION AND ORDER AFFIRMING BANKRUPTCY COURT

Trustee Ryan W. Johnson appeals from the Memorandum Opinion and Order of the United States Bankruptcy Court for the Northern District of West Virginia entered on September 10, 2024, docketed in 3:24-ap-10. ECF No. 3-14. That order granted motions to dismiss filed by defendants (appellees). Upon review and consideration of the parties' briefs and joint appendix, the record, and pertinent case law, the Court finds that the facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Thus, a hearing is unnecessary in this matter. Fed. R. Bankr. P. 8013(c), 8019(b)(3). For the following reasons, the bankruptcy court's decision is **AFFIRMED**.

The parties agree on many issues in this appeal. They agree this Court has jurisdiction, and there is no dispute regarding any material fact. Similarly, they do not dispute the standard of review here. A district court sitting as a bankruptcy appellate court reviews "findings of fact only for clear error, but consider[s] the relevant legal questions

de novo." In re Varat Enters., Inc., 81 F.3d 1310, 1314 (4th Cir. 1996). Therefore, when the parties do not dispute the relevant facts, the Court's review is de novo. See In re Jones, 591 F.3d 308, 310 (4th Cir. 2010).

In his statement of issues presented, the Trustee asks the Court to determine "Whether the operation of 11 U.S.C.§ 362 (c)(4) imputes authority to transfer estate property without further order of the Court and thus resolves the unauthorized element of under 11 U.S.C. § 549[,]" and "[w]hether the Court's holding as it relates to 11 U.S.C. § 554 and the abandonment of bankruptcy estate property was too narrowly construed and did not accurately encompass the full extent of interests of the Trustee and bankruptcy estate." ECF No. 5 at 10. Appellees did not designate any issues for cross-appeal but simply ask that the Bankruptcy Court's Opinion be affirmed. See ECF Nos. 6 at 3; 7 at 5.

11 U.S.C. § 362 provides, "[e]xcept as provided in subsections (d), (e), (f), and (h) of this section—if a single or joint case is filed by or against a debtor who is an individual under this title, and if 2 or more single or joint cases of the debtor were pending within the previous year but were dismissed, other than a case refiled under a chapter other than chapter 7 after dismissal under section 707(b), the stay under subsection (a) shall not go into effect upon the filing of the later case[.]" 11 U.S.C.A. § 362(c)(4)(A)(i).

The substance of the Trustee's argument is that the foreclosure proceeding at issue was not permitted solely by the absence of an automatic stay under the statute; instead, Court authorization was required. See ECF No. 5 at 10. The problem with the Trustee's argument, as Appellee notes, is he "ignores the words of the statute and builds his argument on the premise that § 362(c)(4) . . . does not constitute court authority for purposes of § 549(a)(2)(B)." ECF No. 6 at 10.

2

Having reviewed the statutes and case law, the Undersigned finds the Bankruptcy Court correctly applied the law and reached the appropriate conclusion. On this particular point, the lower court explained why the Trustee's argument fails:

> By intentionally removing the stay protection in this context, Congress is authorizing actions that the automatic stay normally protects against. Any other interpretation would defeat the entire purpose of § 362(c)(4). A court lifting the automatic stay serves to authorize creditors to exercise their rights under state law. Matter of Sullivan Cent. Plaza I, Ltd., 935 F.2d 723, 726 (5th Cir. 1991) ("In practical terms, the lifting of the stay and vacation of the TRO *constituted* authorization to conduct a foreclosure sale as provided under state law.") (emphasis added). Similarly, when the Bankruptcy Code itself removes stay protection, the same authorization must be imputed. Here, the Bankruptcy Code clearly authorizes creditors to pursue their state law rights through the application of § 362(c)(4). This authorization defeats the Plaintiff's claim for § 549 avoidance.

ECF No. 3-14 at 5–6. The court's position is not only supported by a plain reading of the statutes but also by relevant case law. See, e.g., In re Bates, 446 B.R. 301, 303 (B.A.P. 8th Cir. 2011); In re Nelson, 391 B.R. 437, 448 (B.A.P. 9th Cir. 2008).

Next, the Trustee argues the Bankruptcy Court's "holding that only the excess sale proceeds are property of the bankruptcy estate is too narrow because it does not accurately reflect the extent of what constitutes property of the estate." ECF No. 5 at 18. In other words, because "the Trustee has not abandoned the Stonehouse Lane Property[, it] is subject to the bankruptcy estate's interest." Id. at 22. Thus, the Trustee believes his interest "consists of the entire asset, not just the excess proceeds after the foreclosure sale." Id.

Again, Appellees' reasoned analysis is more persuasive. The Trustee's reading of 11 U.S.C. § 554 and reliance upon it for avoiding the foreclosure sale pursuant to § 549 is not tenable. Most instructive on this point is Appellees' explanation of the Debtor's interest in the Stonehouse Lane Property and when that interest was extinguished. ECF

No. 6 at 15. West Virginia law requires a property to be foreclosed after default and upon direction from the creditor secured. See W. Va. Code § 38-1-3. The foreclosure sale terminates the debtor's property rights in the property. In re Bardell, 374 B.R. 591, 592. The cases advanced by the Trustee were rejected by the Bankruptcy Court as having facts that were "in no way analogous to those before this court." ECF No. 3-14 at 6 n.6. The Undersigned agrees. The Bankruptcy Court did not err in holding that the "lack of abandonment . . . preserves the [bankruptcy] estate's interest in any excess proceeds from the foreclosure sale of the Stonehouse Property but nothing more." Id. at 7. The Trustee has failed to present this Court with any legal precedent or argument to the contrary.

Having reviewed all of the relevant filings in this case and considering the applicable legal standards, statutes, and precedent, the Court finds that the Bankruptcy Court's Memorandum Opinion should be and is hereby **AFFIRMED**. To the extent this Court has not explicitly addressed a legal issue, the Bankruptcy Court's analysis is incorporated herein.

The Clerk of Court is **DIRECTED** to enter a separate Judgment in favor of Appellees, to **STRIKE** this matter from the Court's active docket, and to transmit copies of this Order to all counsel of record herein.

**DATED**: September 29, 2025

GINA M. GROH
UNITED STATES DISTRICT JUDGE